UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER SIMPSON ) | | |
| ) | | |
| Plaintiff, ) | CASE NO. 1:19-cv-02222 | |
| ) | | |
| ) | JUDGE: | |
| ) | | |
| ) | | |
| I.C. SYSTEM, INC. ) | COMPLAINT | |
| ) | JURY DEMAND ENDORSED HEREON | |
| Defendant. ) | | |

Plaintiff, Chester Simpson, for his complaint against I.C. System, Inc., ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Chester Simpson ("Mr. Simpson"), is a natural adult person residing in Chicago Heights, Illinois, which lies within the Northern District of Illinois.

5. Mr. Simpson is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Simpson is a "person" as defined and/or used within the IFCA.

7. Defendant, I.C. System, Inc., is a Minnesota corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mail and or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. As Mr. Simpson was doing a routine check of his credit reports, he noticed an entry bearing Defendant's name that was reporting in collection status. According to the credit report, the debt became delinquent in November 2012. Relevant pages from Mr. Simpson's Trans Union credit report, dated July 23, 2018, are attached to this complaint as Exhibit A.

13. On or around July 23, 2018, Mr. Simpson contacted Defendant via telephone to ascertain more details about the entry appearing on his credit report (the "Phone Call").

14. During the Phone Call, Defendant's agent represented to Mr. Simpson that he owed Defendant a balance of $350.00 in connection with a *South Suburban Neurology* debt he allegedly incurred on November 14, 2012 (the "Subject Debt").

15. Following the default on the Subject Debt, it was sold, assigned and/or transferred to Defendant for collection.

16. Mr. Simpson did not recognize the account as belonging to him.

17. As of July 23, 2018, the date of the Phone Call, the Subject Debt was time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

19. During the Phone Call, Defendant's agent attempted to collect the Subject Debt from Mr. Simpson by requesting payment on the date of the Phone Call.

20. The Phone Call gave the false impression that Defendant could still file a lawsuit to collect upon the Subject Debt. As Defendant failed to provide a time-barred debt disclosure, Plaintiff was wholly unaware of his rights and potential legal consequences of paying, agreeing to pay or even acknowledging the Subject Debt as valid.

21. After a reasonable time to conduct discovery, Mr. Simpson believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Plaintiff was misled by Defendant's collections actions on the Phone Call.

23. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

24. Plaintiff justifiably fears that, absent the Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

25. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

26. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

<u>GROUNDS FOR RELIEF</u>

<u>COUNT I</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
*15 U.S.C. § 1692e, e(2)(A), e(5), e(10) and f*

27. All prior paragraphs are incorporated into this court by reference.

28. The FDCPA states in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) the false representation of (A) the character, amount or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) e(5), and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f during the Phone Call. The Phone Call was unfair, deceptive and misleading because it: (i) created the false impression that Defendant still has the ability to take legal action on the Subject Debt, when it in fact did not; (ii) mischaracterized the legal status of the Subject Debt; and (iii) completely failed to advise Plaintiff of the potential legal consequences of arranging or making any payment towards the Subject Debt.

30. At all times relevant to this complaint, Defendant knew that the applicable statute of limitations to collect the Subject Debt had expired, yet Defendant failed to provide a complete and/or accurate disclosure of the same to Plaintiff.

31. As an experienced debt collection agency, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

32. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activities as outlined herein.

<u>COUNT II</u>
<u>VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
<u>815CS §§ 505/2, 505/10a</u>

33. All prior paragraphs are incorporated into this count by reference.

34. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby

declared unlawful whether any person has in fact been misled, deceived or damaged hereby." 815 ILCS § 505/2.

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

35. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive and deceptive conduct it its transaction with Plaintiff by attempting to collect the Subject Debt during the Phone Call, after omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment he made towards the Subject Debt, or even arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

36. Defendant engaged in unfair, abusive and deceptive conduct in its transactions with Plaintiff, in violation of 815 ILCS § 505/2, by creating the false impression that Defendant had chosen not to sue Plaintiff, instead of stating that Defendant was legally barred from filing suit.

37. Defendant intended that Plaintiff depend on on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights.

38. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Chester Simpson, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided

under 15 U.S.C. § 1692k(a)(2)(A);

C.  Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E.  Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 1st day of April, 2019.        Respectfully Submitted,

      /s/ *Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

      /s/ *Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Chester Simpson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of April, 2019.

_____
Signature